UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISIAH WILLIAMS,

      Plaintiff,

v.                                              22-CV-254 (JLS)

JAMES B. RITTS, TODD BAXTER,
MARK E. MONAGHAN, PATRICK
PHELAN, DANIEL LUFFMAN,
SCOTT PETERS, J.R. HUFFMAN, and
INVESTIGATOR SHAFFER,

      Defendants.

---

## DECISION AND ORDER

*Pro se* Plaintiff, Isiah Williams, is a prisoner confined at the Orleans Correctional Facility. He filed this action seeking relief under 42 U.S.C. § 1983, alleging that his arrest, prosecutions, and convictions in Ontario County, New York—which were subsequently reversed and dismissed—occurred in violation of his constitutional rights. Dkt. 1.

The Court denied Williams's motion to proceed *in forma pauperis* ("IFP") because Williams had garnered "three strikes" under 28 U.S.C. § 1915(g), and he did not allege that he was in "imminent danger of serious physical injury." Dkt. 5, at 2 (quoting 28 U.S.C. § 1915(g)). Williams moved to amend the Complaint, to allege imminent danger, and for reconsideration of the order denying his IFP motion. Dkt. 6.

The Court granted Williams leave to amend because his time to file an amended complaint as a "matter of course" had not expired. Dkt. 8, at 3, 5 (quoting Fed. R. Civ. P. 15(a)(1)(A)–(B)). But the Court declined to reconsider the order denying his IFP motion because the Amended Complaint did not allege "imminent danger . . . 'fairly traceable to [the] unlawful conduct' . . . ." Dkt. 8, at 9 (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009)). The Court provided Williams with additional time to pay the filing and administrative fees (Dkt. 8, at 12), which he did, and the Court proceeded to screen Williams's Amended Complaint under 28 U.S.C. § 1915A. Dkt. 11.

Upon screening, the Court liberally construed the Amended Complaint as asserting claims of malicious prosecution, false arrest and imprisonment, and denial of a fair trial based on allegations of "fabricated and manufactured evidence" and the lack of probable cause supporting Williams's arrest and prosecution. Dkt. 11, at 4–5. The Court concluded that, while the false arrest claims would survive screening, it appeared that they were untimely and would be dismissed unless Williams showed cause as to why he was entitled to statutory or equitable tolling of the applicable three-year statute of limitations. Dkt. 11, at 16–20, 34–35.

The Court further dismissed the claims against Defendants James R. Ritts, Mark E. Monaghan, and Todd Baxter pursuant to 28 U.S.C. § 1915A. Dkt. 11, at 10–14, 34–35. Additionally, the Court directed that the malicious prosecution and denial of fair trial claims against Patrick Phelan, and the failure to intervene claims against Scott Peters and Investigator Shaffer, proceed to service. Dkt. 11, at 14–26,

27–29, and 32–35. Lastly, the Court dismissed the claims against Defendant J.R. Huffman, except the false arrest claim, pursuant to 28 U.S.C. § 1915A. Dkt. 11, at 29–32, 34–35. The Court also deferred service until Williams responded to the Court's order, dated April 1, 2024. Dkt. 11, at 34. Williams responded (Dkt. 12) and moved for service of the summons and Amended Complaint. Dkt. 13.[1]

Because Williams has raised plausible arguments that his false arrest claims are not barred by the applicable statute of limitations, the Court determines, in the interest of justice, that the false arrest claims should proceed to service, and Defendants be afforded the opportunity to address these arguments, or others, in their responses to the Amended Complaint or during summary judgment. *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis either in law or in fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (internal citations and quotation marks omitted).

Further, Williams's motion for an order directing the United States Marshals Service ("USMS") to serve the summons and Amended Complaint (Dkt. 13) is granted. The USMS shall serve the summons and Amended Complaint upon Defendants, once Williams pays the service fees. *See* Fed. R. Civ. P. 4(c)(3).

---

[1] Williams also moved for service a second time on December 20, 2024. *See* Dkt. 14.

## DISCUSSION

I.   STATUTE OF LIMITATIONS: FALSE ARREST CLAIMS

In screening the Amended Complaint, the Court concluded that Williams's false arrest claims, while sufficiently pled to proceed to service, were barred by the statute of limitations because "[a] section 1983 claim 'seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.'" Dkt. 11, at 16–17 (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). Here, Williams was arrested more than thirteen years before he filed this action, namely on or about May 28, 2008. Dkt. 11, at 17. Williams was, however, provided an opportunity to respond to this Court's order—particularly as to why his false arrest claims should not be dismissed as untimely—because a court must provide a plaintiff with notice and an opportunity to respond before *sua sponte* dismissing a complaint on statute of limitations grounds. *See* Dkt. 11, at 34; *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (equitable tolling of the statute of limitations is applied only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights") (cleaned up).

In his response, Williams asserts that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), his false arrest claims did not accrue until his conviction was reversed and the indictment dismissed on May 15, 2009, and that he is entitled to equitable tolling of the statute of limitations because he was "pursuing [the] dismissal of [his]

4

conviction . . . between May 28, 2008 [and] May 15, 2019." Dkt. 12, at 1. Williams claims that, because his false arrest claims "did not accrue[] until the criminal proceeding [was] terminated in [his] favor [on] May 15, 20[1]9," his action under 42 U.S.C. § 1983 "for damages attributable to an unconstitutional conviction or sentence d[id] not accrue until the conviction or sentence [was] invalidated . . . ." Dkt. 12, at 2. His Complaint was filed on March 29, 2022, within three years of the dismissal of his indictment. Dkt. 12, at 2–3; Dkt. 1.

Williams also notes that he filed the same, or similar, claims related to the Ontario County convictions in 2010, *Williams v. Phelan*, 10-CV-6218 (DGL) ("*Williams I*"), which were dismissed without prejudice under *Heck*, 512 U.S. at 484–86, because his convictions had not been overturned or reversed at that time, *Williams I*, Dkt. 3 (May 18, 2010, Decision and Order), and his convictions have since been reversed and the indictment dismissed, such that *Heck* no longer bars his claims. Dkt. 12, at 2–3.

While the Court makes no judgment at this time regarding whether Williams shows cause as to why his false arrest claims should not be dismissed as untimely, he has, at least, raised plausible arguments that deserve further development by the parties. Accordingly, the false arrest claims will not be dismissed at this time and the Amended Complaint shall be served on the remaining Defendants.

## II.   SERVICE OF AMENDED COMPLAINT

Williams moves for an order from the Court authorizing service of the summons and Amended Complaint by the USMS. Dkt. 13. The motion is granted.

At the plaintiff's request, "the court may order that service be made by a United States Marshal or deputy marshal or by a person specifically appointed by the court." Fed. R. Civ. P. 4(c)(3); *see also Flint v. Jun*, 19-CV-00416-EAW, 2020 WL 8838041, at * 1 (W.D.N.Y. June 3, 2020) ("A plaintiff who is not proceeding *in forma pauperis* is not automatically entitled to service by the USMS, but may seek an order from the Court directing service by the USMS for a fee pursuant to Rule 4(c) of the Federal Rules of Civil Procedure."). Granting such an order is "discretionary with the Court." *Johnson v. DHS/ICE*, No. 13-CV-0288A(Sr), 2013 WL 6669232, at *3 (W.D.N.Y. Dec. 18, 2013) (granting incarcerated, *pro se* plaintiff's request for Marshals service "in order to facilitate disposition of this action"); *see also Flint*, 2020 WL 8838041, at *1. Because Williams has not been authorized to proceed IFP, he is responsible for paying the service fees and ensuring that service is made timely pursuant to Fed. R. Civ. 4(m).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Williams's motion for service of the summons and Amended Complaint (Dkt. 13), including the false arrest claims alleged in the Amended Complaint. Because the Court grants Williams's motion for service (Dkt. 13), the Court DENIES as moot Williams's second motion for service, filed on December 20, 2024. *See* Dkt. 14.

Williams must pay the service fee to the USMS before the summons and Amended Complaint will be served for him, however. **That fee is $8.00 per summons and Amended Complaint** and must be paid by money order or

certified check because the USMS will not accept cash or personal checks for service. Williams shall arrange for the payment to be made to the "United States Marshals Service" and **mailed to the Clerk of the Court, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202**.

Upon receipt, the Clerk of Court shall forward Williams's payment to the USMS with a copy of this order and the order dated April 1, 2024. Dkt. 11. At that time, the Clerk of Court shall complete the necessary summons forms and USMS forms, prepare the necessary number of copies of the Amended Complaint, and forward those documents to the USMS to serve the summons and Amended Complaint on Defendants Patrick Phelan, Scott Peters, J.R. Huffman, and Investigator Shaffer. *See* Dkt. 11, at 34–35.

Williams is advised that while the USMS will make every effort to serve the summons and Amended Complaint expeditiously, *it is his responsibility* to be aware of the deadline for service and, if necessary, to request an extension of time. *See* Fed. R. Civ. P. 4(m); *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Williams may follow up with the USMS at Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, N.Y. 14202; (716) 348-5300. If, within 90 days of issuance of the summons, Williams has not made service or requested an extension of time in which to do so, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court shall terminate as parties to this action Defendants James B. Ritts, Todd Baxter, Mark E. Monaghan, and Daniel Luffman. *See* Dkt. 11, at 34–35.

SO ORDERED.

DATED:  February 21, 2025
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE